■ In the Matter of the Claim of VIRGINIA C. CHELADYN et al., Respondents, v. HYER CONSTRUCTION CO., INC., et al., Appellants. WORKMEN'S COM-

PENSATION BOARD, Respondent.— *Per Curiam.* Appeal by the employer and its insurance carrier from those portions of decisions of the Workmen's Compensation Board finding that claimant was the legal widow of the deceased and from an award of death benefits to her. The deceased workman was injured in the course of employment on November 3, 1961 and died the same day. In an action in which his wife did not appear he obtained a decree of divorce against her in the State of Florida on August 29, 1960. After his demise she, asserting the status of widowhood, filed a claim for death benefits which the employer controverted upon the ground that the Florida decree had validly dissolved the marriage, a contention which the Referee upheld. In reversing the Referee the board found that "the deceased did not acquire a bona fide domicile in the State of Florida" and concluded "that the Florida decree should not be recognized in this State as affecting in any way the widow's rights to compensation as a lawful spouse of the deceased." Restoral of the case to the Referee's Calendar for an appropriate award followed. The inferences to be drawn from the facts in the case cut both ways. Those negating the *bona fides* of decedent's asserted domicile in the State of Florida when the decree of divorce was obtained, which the board chose in the exercise of its fact-finding power, provide substantial justification for its determination. Decisions affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.